**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1385

_____

CHUN YAO LIN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A200-174-211)
Immigration Judge: Honorable Steven A. Morley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2018

_____

Before: SMITH, *Chief Judge*, McKEE, RESTREPO, *Circuit Judges*

(Filed: August 20, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Chun Yao Lin petitions for review of the BIA's dismissal of his appeal of the IJ's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

The Attorney General may grant asylum to a refugee who can show that he is unable or unwilling to return to his country because of a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[1] To establish such a fear, the refugee must demonstrate both a subjective, genuine fear of persecution and, "objectively, that 'a reasonable person in the alien's circumstances would fear persecution if returned to the country in question.'"[2] To satisfy the objective prong, the refugee "must show she would be individually singled out for persecution or demonstrate that 'there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of[,]'" *inter alia,* "religion."[3]

---

[1] *Lie v. Ashcroft*, 396 F.3d 530, 534–35 (3d Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)).
[2] *Id.* at 536 (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003)).
[3] *Id.* (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)).

The standard for withholding of removal is similar to, but higher than, the standard for asylum.[4] Accordingly, any petitioner who fails to satisfy the standard for asylum necessarily cannot meet the standard for withholding of removal.[5]

Finally, an applicant who seeks to remain in the United States under the CAT must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."[6] Torture is defined as

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.[7]

After reviewing this record, we are satisfied that the BIA's denial of the petition for relief is supported by substantial evidence.[8] Petitioner has not established that he

---

[4] *Shardar v. Ashcroft*, 382 F.3d 318, 324 (3d Cir. 2004) (quoting *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003)).

[5] *Id.* (quoting *Lukwago*, 329 F.3d at 182).

[6] *Id.* at 325 (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 172 (3d Cir. 2002)).

[7] 8 C.F.R. § 1208.18(a)(1).

[8] *See Shardar*, 382 F.3d at 323 ("Whether a petitioner has demonstrated past persecution or a well-founded fear of future persecution is a factual question that is reviewed by this Court under a substantial evidence standard, and will be upheld to the extent it is supported by reasonable, substantial and probative evidence on the record considered as a whole." (internal quotations and citation omitted)). The scope of review under the substantial evidence standard is narrow, and we will not disturb the conclusions of the BIA "unless the evidence not only supports a contrary conclusion, but compels it." *Id.* (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001)).

3

would be singled out for his Christian beliefs or that he would be subjected to a pattern or practice of persecution. He could not identify a church he would attend in China, there was no evidence in the record of persecution towards Christians in his home province, and even the reports he relied upon indicate that membership in "unregistered" churches is "tacitly approved of" in certain areas of the country.[9] We also agree that Petitioner has not demonstrated that he would proselytize when he returned to China as there is insufficient proof of his proselytization efforts in the United States.[10]

Accordingly, we conclude that Petitioner has not shown he identified evidence compelling a conclusion that he will be subject to persecution or torture, and we will therefore deny the petition for review of the BIA's decision affirming the IJ's denial of relief.

---

[9] JA 244.

[10] Lin asserts that the BIA and IJ incorrectly discounted his testimony despite finding him credible. We disagree. Although the IJ found that Lin was credible "in a general sense," JA 71, he also concluded that much of Lin's testimony was not substantiated. *See, e.g.*, JA 72–73.